UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ANN MARIE BEDDOE,

                Plaintiff,

      -against-

MOUNT SINAI HEALTH SYSTEM, INC. et al.,

                Defendants.

1:22-cv-03080 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff requests leave to take two depositions of executives employed by Defendants based on documents produced at the end of the discovery period. ECF No. 54. Defendants oppose the request as disproportionate to the needs of the case and because, they argue, the witnesses Plaintiff seeks to depose are APEX witnesses unlikely to produce information not otherwise attainable. ECF No. 56. For the following reasons, Plaintiff's request is GRANTED in part and DENIED in part.

    In evaluating whether to allow the deposition of a corporate executive or APEX witness, the court "considers the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015). "[T]he mere fact that the executive has a busy schedule or claims no unique knowledge of relevant facts, however, is simply not a basis for foreclosing otherwise proper discovery." *Id*. (internal brackets, quotation marks, and citations omitted).

    Plaintiff alleges that she was retaliated against in the form of a 2020 salary reduction because she voiced opposition to workplace gender discrimination. *See* ECF No. 54; *see*

*generally* ECF No. 1.  Fact discovery closed on March 31, 2023, except for one deposition that the Court has allowed to proceed on April 13, 2023.  *See* ECF No. 53.  As set forth in the parties' instant letters, Defendants learned of additional responsive documents and produced one such document on March 28 and 21 additional documents on March 31, 2023.  These productions included emails suggesting the involvement of the Chief Executive Officer ("CEO"), Dr. Kenneth Davis, and Chief Operating Officer ("COO"), Margaret Pastuszko, of the Mount Sinai Health System, in a decision regarding Plaintiff's 2020 contract and compensation.  *See* ECF No. 54.  In her letter motion, Plaintiff quotes from emails indicating that Plaintiff's proposed contract and compensation "went to [the CEO and COO] who approved the proposal"; that "KLD," presumably meaning the CEO, "would like to make the decision," apparently referring to a decision regarding Plaintiff's contract; and inquiring about "feedback from Ken" regarding the contract.  *Id*. at 1-2.  Defendants do not contest these descriptions of the quoted documents.  *See generally* ECF No. 56.  Neither party filed the underlying emails.  It appears that Plaintiff has already deposed seven witnesses, although she did so without the benefit of the recently produced documents.  *See* ECF No. 54 at 2.  Plaintiff has one remaining deposition of a Defendant employee scheduled for April 13, 2023.  *Id*. at 1.

      The Court finds, based on the parties' letters, that there is some likelihood that the CEO and COO possess relevant knowledge and the Court is not convinced that another source could provide identical information.  Indeed, the documents were produced after almost all of the depositions of other Defendant employees or potential sources of similar information.  Defendant does not suggest that Plaintiff seeks the two depositions for harassment.  The fact that the executives may be busy, or may claim not to have unique knowledge, is insufficient to prevent their depositions.  *See Scott*, 306 F.R.D. at 122.

Accordingly, the Court grants Plaintiff leave to depose the CEO and COO by **April 28, 2023**, on the two topics identified in Plaintiff's letter: (1) the knowledge, if any, the witnesses had of Plaintiff's alleged protected activity at the time they allegedly made decisions about her contract; and (2) the witnesses' role, if any, in negotiations of Plaintiff's contract.  *See* ECF No. 54 at 2.  However, given the narrow lines of inquiry permitted, and to accommodate the deponents' schedule and the expense of such depositions, the depositions shall be limited to one hour each and be conducted at a time and location of the deponents' convenience, including remotely via video if Defendants so choose.

In light of this order, and given the May 24, 2023 deadline for expert discovery, it is further ordered that the May 18, 2023, post-discovery pretrial conference is adjourned to **June 16, 2023 at 12 p.m.**  The parties shall submit a joint letter stating whether they request a referral to a settlement conference with a magistrate judge or to the Court-annexed mediation program by **May 5, 2023**.  Any summary judgment premotion letters are due by **May 26, 2023**, with oppositions due **June 2, 2023**, in accordance with the Court's Individual Rules.  The parties shall file a joint status letter by **June 9, 2023**, in advance of the post-discovery pretrial conference.

Dated: April 12, 2023
      New York, New York

                                                  SO ORDERED.

                                                  JENNIFER L. ROCHON
                                                  United States District Judge